UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ESTELLE STAMM,

                              Plaintiff,

    -against-

NEW YORK CITY TRANSIT AUTHORITY (TA);         **MEMORANDUM**
MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY (MABSTOA);    04-CV-2163 (SLT)
LAURENCE G. REUTER, TA PRESIDENT;
KATHERINE LAPP, TA EXECUTIVE DIRECTOR;
MILLARD SEAY, TA VICE PRESIDENT FOR BUSES;
MICHAEL LOMBARDI, TA VICE PRESIDENT FOR
SUBWAYS; JOHN GAITO and AUGUSTINE ANGBA
of the ADA COMPLIANCE UNIT of the TA,
all individually and in their official capacities,

                              Defendants.
------------------------------------------------------------------------x

**TOWNES, United States District Judge:**

      Plaintiff, Estelle Stamm, brings this action pursuant to various federal statutes and New York State and New York City Laws, alleging that the New York City Transit Authority ("TA"), the Manhattan and Bronx Surface Transit Operating Authority, and six employees of the TA (the "Individual Defendants") discriminated against her by denying her "equal access to . . . buses and subways." Amended Complaint at 1. By order dated January 31, 2006, and entered February 7, 2006, this Court granted defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's claims against the Individual Defendants under New York State Human Rights Law ("NYHRL"), N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Code ("NYCHRC"), N.Y.C. Admin. Code § 8-101 *et seq. See Stamm v. New York City Transit Auth.*, No. 04-CV-2163 (SLT), slip op. at 22-24 (E.D.N.Y. Jan. 31, 2006). This Court held that only "a defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under the [NYHRL]," *id.* at 23 (quoting *Tomka v. Seiler*, 66 F.3d

1295, 1317 (2d Cir. 1995)), and that since the wording of the provisions in the NYHRL and the NYCHRC regarding "aiding and abetting" are identical, actual participation is also a prerequisite to individual liability under the NYCHRC. *Id.* (citing *Sowemimo v. D.O.A.R. Security, Inc.*, 43 F.Supp.2d 477, 487 (S.D.N.Y. 1999), and *DeWitt v. Lieberman*, 48 F.Supp.2d 280, 294 n. 10 (S.D.N.Y. 1999)). Because the facts alleged in plaintiff's Amended Complaint do not suggest that any of the Individual Defendants actually participated in the discriminatory conduct alleged by plaintiff in this case, this Court dismissed those claims against the Individual Defendants which were based on the NYHRL (contained in plaintiff's eighth cause of action) and the NYCHRL (plaintiff's ninth cause of action).

In a letter dated February 16, 2006, and filed February 17, 2006, plaintiff requests a pre-motion conference. Plaintiff seeks permission to move for reconsideration of this Court's dismissal of these NYHRL and NYCHRL claims, and to seek leave to amend her pleadings to allege that these Individual Defendants were "put on notice of systemic problems by Plaintiff and . . . failed to address the systemic problem of inadequate training of line employees . . . ." *See* Letter of Aaron David Frishberg, Esq., to Hon. Sandra L. Townes, dated February 16, 2006 ("Frishberg Letter"), at 1. Defendants respond by noting, *inter alia*, that plaintiff has not complied with Local Civil Rule 6.3, and that plaintiff's motion to amend the Amended Complaint should be denied as futile. See Letter of Ann Burton Goetcheus, Esq., to Hon. Sandra L. Townes, dated February 27, 2006.

This Court has already denied plaintiff's request for a pre-motion conference in an endorsed order dated February 28, 2006. This memorandum serves to explain the rationale behind that order.

First, the Frishberg Letter incorrectly asserts that plaintiff's request for a pre-motion

conference is "in accord with Local Civil Rule 6.3 and your Honor's Individual Practices." *See* Frishberg Letter at 1. In fact, this Court's Individual Motion Practices specifically state that it is *not* necessary to request a pre-motion conference before filing a motion pursuant to Fed.R.Civ.P. 59 or 60. *See* Individual Motion Practices of Judge Sandra L. Townes, § III.B. Furthermore, Local Civil Rule 6.3 requires that any motion for reconsideration be made upon notice and include a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

Although litigants must request a pre-motion conference before moving to amend the complaint pursuant to Fed. R. Civ. P. 15, *see* Individual Motion Practices of Judge Sandra L. Townes, § III.B, this Court fully concurs with defendants' contention that a motion to amend plaintiff's pleading would be futile at this time. Plaintiff seeks to amend her pleading to add factual allegations relating to the "actual participation" of the Individual Defendants in an apparent effort to provide a factual basis for her NYHRL and NYCHRC claims. However, since those claims have been dismissed, it would be futile to permit plaintiff to amend her complaint in this regard. *See In re Tamoxifen Citrate Antitrust Litig.*, 429 F.3d 370, 404 (2d Cir. 2005) (holding that district courts have discretion to deny leave to amend pleadings "where amendment would be futile"). Moreover, this Court is not persuaded that evidence showing that the Individual Defendants were notified of the alleged discriminatory conduct, but failed to act to prevent it, would be sufficient to establish "actual participation." *See Bascomb v. Smith Barney Inc.*, No. 96 Civ. 8747 (LAP), 1999 WL 20853, at *6 (S.D.N.Y. Jan. 15, 1999) (letters to corporate officers and/or directors insufficient to establish "actual participation").

For these reasons, plaintiff's application for a pre-motion conference was denied. Plaintiff may renew her application for a pre-motion conference in order to seek leave to amend her pleading pursuant to Fed. R. Civ. P. 15(a), provided that the proposed amendment(s) relate to claims which are pending before this Court at the time that application is made.

**SO ORDERED.**

                                                                                                                                                                             S/
                                                                    SANDRA L. TOWNES
                                                                    United States District Judge

Dated: Brooklyn, New York
       March 2, 2006